# UNITED STATES DISTRICT COURT

for the
Eastern District of Wisconsin

In the Matter of the Search of:

The Use of a Cell-Site Simulator to Locate the Cellular
Device Assigned Call Number (406) 564-5833

Case No. _19-MJ-1391_

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

See Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846, and Title 18, United States Code, Section 1951(a).

The application is based on these facts: See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration and U.S. Marshals Service.

☒ Delayed notice of _30_ days (give exact ending date if more than 30 days:_____) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Philip T. Kovoor, Assistant United States Attorney
Printed Name and Title

Sworn to before me and signed in my presence:

Date: _12/26/19_

_____
Judge's signature

City and State: Milwaukee, Wisconsin

William E. Duffin, U.S. Magistrate Judge
Printed Name and Title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Jeremy Loesch, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (406) 564-5833 (the "Target Cellular Device"), which is described in Attachment A.

2.      I am currently employed as a Supervisory Deputy for the United States Marshals Service. I have been employed as a law enforcement officer for over 16 years. I make this affidavit upon information and belief based upon my training and experience, my personal knowledge or information provided to me by fellow law enforcement officers or citizen witnesses, or all of the above, as described more fully below. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.      I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

4.      One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because historical records associated with the Through investigation, officers discovered the target had moved from Great Falls, Montana to

Wisconsin according to the landlord and neighbors approximately two weeks ago. Real-time location information obtained from Verizon wireless, shows that the Target Cellular Device is currently in Milwaukee, Wisconsin. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5.     Based on the facts set forth in this affidavit, there is probable cause to believe that **Jesus MIRAFUENTES-VALDEZ** has violated Title 21, United States Code, Section 841(a)(1). **Jesus MIRAFUENTES-VALDEZ** was charged with these crimes on October 30, 2019 and is the subject of an arrest warrant issued on October 30, 2019. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting **Jesus MIRAFUENTES-VALDEZ**, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.     This affidavit is made in support of an application for an order which seeks authorization for the disclosure of the approximate position of a cellular telephone assigned telephone number (406) 564-5833. As discussed below, I believe cellular phone, (406) 564-5833, is being used by **Jesus MIRAFUENTES-VALDEZ**, a fugitive from justice. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting **MIRAFUENTES-VALDEZ** who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7.     Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18

U.S.C. §§ 3121-3127.  This warrant therefore includes all the information required to be included in a pen register order.  See 18 U.S.C. § 3123(b)(1).

## **PROBABLE CAUSE**

8.　　On October 30, 2019, **Jesus MIRAFUENTES-VALDEZ** was charged in an indictment in the United States District Court for the District of Utah, Case No. 4:19-CR-00103 DN regarding possible violations of Title 21, United States Code, 841(a)(1). The warrant is still outstanding and the United States Marshals Service Violent Fugitive Apprehension Strike Team (VFAST) is attempting to locate and arrest fugitive **Jesus MIRAFUENTES-VALDEZ** and others, regarding possible violations of Title 18, United States Code, Section 1071 and 3146.

9.　　On December 18, 2019, the Marshals Service in the Eastern District of Wisconsin received a request from the District of Utah, requesting assistance in locating and apprehending **MIRAFUENTES-VALDEZ.** According to their investigation, **MIRAFUENTES-VALDEZ** had fled Utah and was residing in Great Falls, Montana. On December 12, 2019, Deputy United States Marshal Kasuske went to 1610 5th Avenue, Unit N in Great Falls, Montana in an attempt to locate and arrest **Jesus MIRAFUENTES-VALDEZ.**  Deputy Marshal Kasuske learned that **Jesus MIRAFUENTES-VALDEZ** had moved out as of two weeks ago and, according to neighbors and a landlord, **Jesus MIRAFUENTES-VALDEZ** and his family were heading to Wisconsin.  The landlord provided cellphone number (406) 564-5833 as that belonging to **Jesus MIRAFUENTES-VALDEZ's** cellphone.  The landlord said he spoke to **Jesus MIRAFUENTES-VALDEZ** on that number as of two weeks ago.

10.　　On December 17, 2019, Deputy Marshal Manny Scott from the District of Utah obtained a pen register trap and trace order, a GPS search warrant, as well as a search warrant for historical call detail records with cell site information. The legal demand obtained was served

upon the identified carrier Verizon Wireless. Real-time location information obtained from Verizon wireless, shows that the Target Cellular Device is currently in Milwaukee, Wisconsin. It is believed that locating this device will assist in locating the whereabouts of **MIRAFUENTES-VALDEZ.**

## MANNER OF EXECUTION

11.     In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

12.     To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's locations, even if they are located inside a house, apartment, or other building.

13.     The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with

all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

14. In my experience, this information can assist law enforcement in identifying the location of a fugitive or a "person to be arrested." In turn, this information will aid law enforcement in apprehending the defendant.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

16. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. §

3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

17.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

18.     A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Jeremy Loesch
Deputy U.S. Marshal
UNITED STATES MARSHALS SERVICE

Subscribed and sworn to before me

On: 12/26/19

WILLIAM DUFFIN
United States Magistrate Judge

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the locations of the cellular device assigned phone number (406) 564-5833, whose wireless provider is Cellco Partnership d/b/a Verizon Wireless.

**ATTACHMENT B**

Pursuant to an investigation of **Jesus MIRAFUENTES-VALDEZ**, for a violation of Title 21, United States Code, Section 841(a)(1), and being a fugitive from justice, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1.      radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2.      radio signals emitted by the Target Cellular Device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

2